UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

        Plaintiff,

v.

        Case No.

VIVOT EQUIPMENT
CORPORATION and
UNDERWATER MECHANIX
SERVICES, LLC,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Great American Insurance Company ("Great American") files its Complaint for Declaratory Judgment against Defendants Vivot Equipment Corporation ("Vivot") and Underwater Mechanix Services, LLC ("Underwater Mechanix") and states:

## NATURE OF THE ACTION

1. Great American brings this action for declaratory judgment and other relief pursuant to 28 U.S.C. § 2201 seeking a declaration as to its rights and obligations under a marine commercial liability policy of insurance issued to Underwater Mechanix and as concerns a lawsuit filed against Underwater Mechanix by Vivot.

2. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because one or more of the defendants are based or have a presence in this judicial district and the at-issue insurance policy was issued and delivered in Jacksonville, Florida.

4. All conditions precedent to the filing of this action have occurred or been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## THE PARTIES

6. At all times material to this action, Great American is and was an Ohio Corporation with its principal place of business in Cincinnati, Ohio.

7. At all times material to this action, Vivot is and was a U.S. Virgin Islands corporation, with its principal place of business in St. Croix, U.S. Virgin Islands. Vivot also conducts business, through subsidiary and related entities, in Florida and, specifically, in Mt. Dora, Florida.

8. Although Vivot is not a contracting party to Great American's insurance policy, Vivot is joined in this action merely as an interested party since its rights, if any, may be affected by this Court's declarations.

9. At all times material to this action, Underwater Mechanix was and is a Florida Limited Liability Company with its principal place of business in Jacksonville, Florida. Underwater Mechanix has three members: Eric Summers, an individual domiciled in Florida and a citizen of Florida for purpose of jurisdiction herein, Keonnia Summers, an individual domiciled in Florida and a citizen of Florida for purpose of jurisdiction herein, and Dustin Hammond, an individual domiciled in Florida and a citizen of Florida for purpose of jurisdiction herein.

10. Consequently, complete diversity exists between Plaintiff Great American and Defendants Vivot and Underwater Mechanix. At all times material to this action, Great American is and was a citizen of Ohio, while Defendants Vivot and Underwater Mechanix are and were citizens of other states. Therefore, this Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332.

## FACTS

11. Great American entered into one pertinent contract of insurance in Florida with Underwater Mechanix bearing policy number OMH 1094321 with coverage effective from September 1, 2022 through September 1, 2023 (the "Policy"). A copy of the Policy is attached as **Exhibit A**.

12. The Policy contains a form affording marine commercial liability coverage, which provides as follows, in pertinent part:

**SECTION I – COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**     **Insuring Agreement**

        **A.**     We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . . .

    **2.**     **Exclusions**

    This insurance does not apply to:

    **B.**     **Contractual Liability**

    "Bodily injury" or "property damage" for which the Insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        **(1)**     that the Insured would have in the absence of the contract or agreement; or

        **(2)**     assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an Insured are deemed to be damages because of "bodily injury" or "property damage," provided:

       **(a)**    liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

       **(b)**    such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**G.**    **Watercraft**

"Bodily Injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any watercraft owned or operated by or rented or loaned to any Insured. Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any Insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that Insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any watercraft that is owned or operated by or rented or loaned to any Insured.

This exclusion does not apply to:

**(1)**    a watercraft while ashore on premises you own or rent;

**(2)**    a watercraft you do not own that is:

       **(a)**    less than 26 feet long; and

       **(b)**    not being used to carry persons or property for a charge;

**(3)**    liability assumed under any "insured contract" for the ownership, maintenance or use of watercraft.

**K.**    **Damage to Property**

"Property damage" to:

(1)     property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2)     premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)     property loaned to you;

(4)     personal property in the care, custody or control of the Insured;

(5)     that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate Limit of Insurance applies to Damage To Premises Rented To You as described in SECTION III – LIMITS OF INSURANCE.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

* * *

6

13. On or about February 22, 2023, Vivot sued Underwater Mechanix in the United States District Court for the District of the U.S. Virgin Islands in a lawsuit styled *Vivot Equipment Corporation v. Underwater Mechanix Services, LLC* bearing case number 1:23-cv-00009 (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached as **Exhibit B**.

14. At issue in the Underlying Action are breach of contract claims arising out of two agreements: (1) an Equipment Rental/Lease Agreement, pursuant to which Vivot leased to Underwater Mechanix a Link-Belt LS-238 Lattice Boom Crane (the "Crane"); and (2) a Bareboat Charter Agreement, pursuant to which Underwater Mechanix leased a Caribe Lifter Barge (the "Barge") from Vivot.

15. In the Underlying Action, Vivot alleges that "[b]y November 11, 2022, [Underwater Mechanix] had taken possession of the Barge, with the Crane affixed to the Barge," and that "[o]n December 2, 2022, while the Crane and Barge were under rent by and in possession of Underwater Mechanix…, there was an incident" arising from Underwater Mechanix's use of the Crane and Barge, which "render[ed] the Crane inoperable" and "damaged the decking of the Barge, which sustained moderate damage as a result."

16. Vivot further alleges Underwater Mechanix has allegedly failed to pay 14 invoices served pursuant to the Equipment Rental/Lease Agreement and the Bareboat Charter Agreement, including an invoice "for the replacement value of the Crane in the amount of $750,000."

17. Vivot alleges Underwater Mechanix has breached the Equipment Rental/Lease Agreement in three distinct ways: (1) failure to pay outstanding balances for twelve invoices that were allegedly issued under the Equipment Rental/Lease Agreement and based upon work orders and the outstanding principal balance "excluding the Barge (and the Crane while it was affixed) [of which] is $224,349.91"; (2) a failure to pay $750,000 for the damage to the Crane as allegedly contractually agreed under the Equipment Rental/Lease Agreement; and (3) failure to pay consequential damages as allegedly assumed under the agreement, including "(i) significant out-of-pocket costs to remove the damaged Crane from the Barge, remove the damaged Crane from the harbor, and transport the damaged Crane to Vivot's yard; (ii) the lost rental income on the rental value of the Crane; and (ii[i]) the out-of-pocket costs to correct a problem [Underwater Mechanix] is obliged to correct."

18. Vivot separately alleges Underwater Mechanix breached the Bareboat Charter Agreement in two manners: (a) failure to pay the two invoices issued to Underwater Mechanix for the Barge rental; and (b) failure to pay "for the costs and expenses to put the Barge back into the good order and condition it was prior to the incident."

19. Vivot seeks prejudgment interest and an award of attorney's fees.

20. Great American disputes that the Policy affords liability coverage for the Underlying Action or that Great American's marine commercial liability form imposes any defense or indemnity obligations with respect thereto. Great

American now seeks declaratory relief to this effect since, upon information and belief, Vivot and/or Underwater Mechanix disputes Great American's coverage position.

## COUNT I – NO DUTY TO DEFEND BECAUSE OF THE WATERCRAFT EXCLUSION

21. Great American realleges paragraphs 1 through 20 as paragraph 21 of Count I as if fully set forth herein.

22. The Policy's watercraft exclusion precludes coverage for property damage arising out of the use or entrustment to others of any watercraft rented or loaned to Underwater Mechanix.

23. The Barge is a watercraft that, based upon the Underlying Action allegations and actual facts, was rented or loaned to Underwater Mechanix.

24. The incident at issue in the Underlying Action and the damages claimed therein all arise from Underwater Mechanix's use of the Barge.

25. Accordingly, the damages sought in the Underlying Action are excluded from coverage by the Policy's watercraft exclusion.

26. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Great American's obligations, if any, to defend or indemnify Underwater Mechanix against the Underlying Action.

WHEREFORE, Great American respectfully requests that this Court find and declare that Great American has no duty to indemnify Underwater Mechanix against the Underlying Action for damages that arise out of Underwater

Mechanix's use of watercraft, which are excluded from coverage by the Policy's watercraft exclusion, and to further declare that Great American has no duty to defend when construing the watercraft exclusion in conjunction with the insuring agreement, damage to property exclusion, and contractual liability exclusion.

**COUNT II – NO DUTY TO DEFEND BECAUSE OF THE PROPERTY DAMAGE EXCLUSION**

27. Great American realleges paragraphs 1 through 20 as paragraph 27 of Count II as if fully set forth herein.

28. The Policy's damage to property exclusion, subparts (1) through (4), preclude coverage for "property damage," defined as physical injury and loss of use, to property Underwater Mechanix rents and/or to personal property in its care, custody, or control.

29. The Crane and the Barge were rented to Underwater Mechanix and were in Underwater Mechanix's care, custody, and control at the time of the alleged incident.

30. Accordingly, any damages to the Crane and the Barge, including any alleged damages sustained because of their rental to Underwater Mechanix and loss of use by Vivot, are excluded from coverage by the Policy's damage to property exclusion.

31. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Great American's obligations, if any, to defend or indemnify Underwater Mechanix against the Underlying Action.

WHEREFORE, Great American respectfully requests that this Court find and declare that Great American has no duty to indemnify Underwater Mechanix against the Underlying Action for damages to the Crane and the Barge, including any allege damages sustained because of their rental to Underwater Mechanix and loss of use by Vivot, which are excluded from coverage by the Policy's damage to property exclusion, and to further declare that Great American has no duty to defend when construing the damage to property exclusion in conjunction with the insuring agreement, watercraft exclusion, and contractual liability exclusion.

## COUNT III – NO COVERAGE TO THE EXTENT THERE IS NO PROPERTY DAMAGE AND BECAUSE OF THE CONTRACTUAL LIABILITY EXCLUSION

32. Great American realleges paragraphs 1 through 20 as paragraph 32 of Count III as if fully set forth herein.

33. The Policy provides that Great American will provide coverage for those sums that Underwater Mechanix becomes legally obligated to pay as damages because of "property damage" to which the insurance applies and contains the contractual liability exclusion, which precludes coverage for property damage for which Underwater Mechanix is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

34. In addition to the alleged property damages sought in the Underlying Action, Vivot additionally seeks to recover alleged monetary losses and consequential damages that Vivot alleges Underwater Mechanix agreed to assume pursuant to contractual agreement.

35. The aforementioned alleged losses are not damages because of "property damage" as that term is defined by the Policy and, moreover, they are excluded from coverage by the contractual liability exclusion because Underwater Mechanix would not have liability for these alleges losses in the absence of contract.

36. Accordingly, any of the breach of contract losses alleged in the Underlying Action separate and apart from the damage to the Crane and the Barge are not covered by the Policy and are also excluded from coverage by the Policy's contractual liability exclusion.

37. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Great American's obligations, if any, to defend or indemnify Underwater Mechanix against the Underlying Action.

WHEREFORE, Great American respectfully requests that this Court find and declare that Great American has no duty to indemnify Underwater Mechanix against the Underlying Action for damages assumed by Vivot pursuant to contract, which damages do not constitute damages because of "property damage" and excluded from coverage by the Policy's contractual liability exclusion, and to further declare that Great American has no duty to defend when construing the contractual liability exclusion in conjunction with the insuring agreement, watercraft exclusion, and damage to property exclusion.

Dated: October 16, 2023

HINSHAW & CULBERTSON LLP

*/s/ Pedro E. Hernandez*
**PEDRO E. HERNANDEZ**
Florida Bar No. 30365
phernandez@hinshawlaw.com
**DANIEL C. SHATZ**
Florida Bar No. 94696
dshatz@hinshawlaw.com
**TIMOTHY W. ODZER**
Florida Bar No. 1020018
todzer@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-428-5096
Facsimile: 305-577-1063
*Attorneys for Great American Insurance Company*